# Ex parte Felker.

## Habeas Corpus.

(Decided Feb. 8, 1912. 58 South. 94.)

1. *Evidence; Documentary Evidence.*—Under United States Compiled Statutes of 1901, p. 677, section 905, the record of the proceedings of the board of supervisors of a Mississippi county, was not admissible in this state as such a record, even if such board be considered a court, where the attestation of the clerk was not accompanied by the certificate of the presiding officer.

2. *Same.*—Under United States Compiled Statutes of 1901, sec. 906, a record of the proceedings of a board of supervisors of a Mississippi county was not admissible as evidence in an action in Alabama where the attestation of the clerk was authenticated merely by the clerk of the chancery court of the county in question.

APPEAL from Franklin Probate Court.

Heard before Hon. S. J. PETREE.

Petition by E. T. Felker, for the custody of Edna Gray, a minor child, against Lottie Strickland and another. From a decree denying the prayer, petitioner appeals. Affirmed.

Petitioner offered what purported to be a certified copy of an entry made in the minute book of the board of supervisors apprenticing said Edna Gray to W. T. Felker in Prentiss county, Miss. The copy offered is certified to by C. R. Lacey, as clerk of the chancery court of Prentiss county, and clerk of the board of supervisors, and the seal is attached; but there is no certificate by any judge or magistrate attached thereto.

WILLIAMS & JONES, for appellant. The records of the Mississippi court were properly authenticated and should have been admitted in evidence.—67 L. R. A. 783. The plaintiff was entitled to habeas corpus.— *Harris et al. v. Harris*, 43 So. 963; 25 Cent. Dig. sec. 76-8.

B. H. SARGENT, and J. W. BOLTON, for appellee. Counsel discuss the assignments of error, but without citation of authority.

DE GRAFFENRIED, J.—The records and judicial proceedings of the courts of any state or territory, or of any country subject to the jurisdiction of the United States, are required to be admitted in evidence in any court within the United States, when such records and judicial proceedings are attested by the clerk, and the seal of the court annexed, if there be any seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the attestation is in due form.— Federal Statutes Annotated, vol. 3, p. 37, § 905 (U. S. Comp. St. 1901, p. 677). "A copy of a judgment of a state court certified by the clerk alone, without the certificate of a judge, chief justice, or presiding magistrate, that the attestation was in due form of law, cannot be admitted in evidence."—*Northwestern Mut. Life Ins. Co. v. Stevens*, 71 Fed. 2585 18 C. C. A. 107.

If the board of supervisors of Prentiss county, Miss., is a court within the meaning of the federal statute above referred to, the record of the proceedings of that court, which the petitioner offered to introduce in evidence, was not authenticated as required by the above federal statute, for the reason that the certificate of the clerk was *not* accompanied by a certificate of the judge, chief justice, or presiding magistrate that the attestation of the clerk was in due form.

[Ex parte Felker.]

2. If, on the other hand, said board of supervisors was not a court, then, under the provisions of section 906 of the Revised Statutes of the United States (see Federal Statutes Annotated, vol. 3, p. 39, § 906 [U. S. Comp. St. 1901, p. 677]), the record so offered by the petitioner as evidence was inadmissible. Said section 906 provides that all records and exemplifications of books, which may be kept in any public office of any state or territory, etc., *not pertaining to a court,* shall be proved by the attestation of the keeper of said records or books and the seal of his office annexed, if there be a seal, *together with a certificate of the presiding justice* of the court of the county, parish, or district in which such office may be kept, or of the Governor or Secretary of State, the chancellor or keeper of the great seal of the state, territory, or county, that the said attestation is in due form, and by the proper officers. As the alleged record offered in evidence was authenticated by the clerk of the chancery court of Prentiss county, Miss., *and in no other way,* it was clearly inadmissible.

Petitioner based his claim to the child in controversy solely upon the alleged act of the board of supervisors of Prentiss county, Miss., in apprenticing the child to him, and, as he produced no legal evidence tending to show that the child had been legally apprenticed to him, the rulings of the trial court complained of in this record were free from error.

The judgment of the court below is affirmed.

Affirmed.